WESTERN UNION TELEGRAPH COMPANY V. M. M. JENNINGS.

No. 1399.   Decided February 20, 1905.

**Telegraph—Free Delivery Limits.**

A rule of a telegraph company fixing its free delivery limits in a village within a radius of a half mile from its office includes in such limits a point less than a half mile in a direct line from the office, though more than such distance by the nearest traveled route.   Evidence considered and held insufficient to require finding that the address of a messa̤ᵥ ᴡᴀs beyond such limit.   (P. 466.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

Jennings sued the telegraph company and recovered judgment, which was affirmed on appeal by defendant, who then obtained writ of error.

*Geo. H. Fearons, L. A. Hill* and *N. L. Lindsley,* for plaintiff in error.—The court erred in not instructing the jury to find for defendant because there was no evidence of negligence on the part of the defendant, and all the testimony of the witnesses who could speak with any certainty as to the measured distance of the said Moore, Skinner & Co. plant from defendant's office at Gladys, Texas, testified same was more than one-half mile from defendant's office at said town, and the undisputed testimony showed that said town of Gladys, Texas, was a town of less than five thousand inhabitants, to wit, fifteen hundred inhabitants, and that according to defendant's rules and regulations it was not required to deliver said telegram at said place without a payment of a special delivery fee, and because there was no evidence showing that defendant's rules and regulations were unreasonable.   As to right of adopting reasonable rules and regulations:   Western U. Tel. Co. v. Neel, 86 Texas, 368; Robinson v. Western U. Tel. Co., 43 S. W. Rep., 1054.   As to weight of negative testimony:   Willis v. Lewis, 28 Texas, 185; Cunningham v. State, 5 Texas, 440; Patterson v. Gaines, 6 How., 588.

*O. Dickens,* for defendant in error.—The Moore & Skinner plant being situated within one-half mile from the defendant's office and within a radius of one-half mile from the said office, it became the absolute duty of defendant to deliver said telegram immediately to appellee.   Pendarvis v. Gray, 41 Texas, 330, 331; Krohn v. Heyn, 77 Texas, 320; Gulf C. & S. F. Ry. Co. v. Mangham, 69 S. W. Rep., 80; Greenleve v. Blum, 59 Texas, 127; Wagoner v. Ruply, 69 Texas, 706; Texas & P. Ry. Co. v. Randle, 18 Texas Civ. App., 352; International & G. N. Ry. Co. v. Satterwhite, 19 Texas Civ. App., 173; Western U. T. Co. v. Broeche, 72 Texas, 656.

WILLIAMS, Associate Justice.—This writ of error brings before us a judgment of the District Court, affirmed by the Court of Civil Appeals, by which defendant in error, plaintiff below, recovered of the defendant telegraph company, now plaintiff in error, damages for failure of defendant to promptly deliver to the plaintiff the following telegram: "Austin, Texas, Nov. 5, 1902.—To M. M. Jennings, care Moore & Skinner Co., Gladys, Texas: Come at once. Daughter is very sick. (Signed)    Mrs. M. M. Jennings."

There was delay in the delivery of the message after its receipt at defendant's office at Gladys which constituted negligence unless the defendant made good its defense that the place of business of Moore & Skinner Company was beyond its free delivery limits.   In acting upon the application we were of the opinion, which we still entertain, that upon none of the other points in the case was ground for reversal of the judgment shown, and we have now reached the conclusion that upon this point also the judgment is sustained by the evidence.   The dedefendant's obligation to deliver messages is thus expressed in its rule: "Free delivery limits.   Messages will be delivered free within a radius of one-half mile from the office in any city or town of less than five thousand inhabitants and within a radius of one mile from the office in any city or town of five thousand or more inhabitants.   Beyond this limit only the actual cost of the delivery service will be collected.   The manager will, however, see that such cost is as reasonable as possible." Opinions of witnesses familiar with the locality were offered by plaintiff that by the nearest route, which did not follow the roads or streets, but, at points, passed diagonally across lots, the distance from defendant's office to Moore & Skinner Company's plant was less than a half mile, and defendant proved by two witnesses that they had measured the distance by one route, which they do not further state than that it was the nearest traveled route by the road, and that it was 4904 feet. Opinions on such a question were admissible to be considered as evidence, but we are of the opinion, in granting the writ of error, that the evidence of plaintiff's witnesses was too vague and uncertain to be allowed to stand against accurate measurement of the same distance about which the opinions were given, when such measurement is conclusively established.   But it appears upon further examination that the measurement made was of the nearest traveled route by the road, which does not prove that this was the shortest distance, or the same that plaintiff's witnesses testified about.   The test given by the rule is "a radius," which means a right line from the office to the plant. This is the language of the defendant itself, against whom it must be taken most strongly, even if there were room for construction of it.   If the plant was within a half mile by straight line from the office, it was within the defined limits, and the defendant was bound by its undertaking to deliver the message for the ordinary charge for telegraphing which was paid.   As above shown there is evidence tending to prove that the distance was less than a half mile, even by a route

which was not straight, and this is not displaced by a measurement of a different route.

No error in the judgment being shown by the assignments, the judgment is affirmed.

*Affirmed.*